IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ZECKEYA PERRY**                                                                        **PETITIONER**
**ADC #156241**

V.                  **CASE NO. 4:20-CV-1328-KGB-BD**

**DEXTER PAYNE, Director, ADC;**
**AUNDREA CULCLAGER, Warden;**
**LESLIE RUTLEDGE, Attorney**
**General, State of Arkansas; and**
**ARKANSAS, State of**                                           **RESPONDENTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 3). Petitioner Zeckeya Perry filed timely objections and supplemented his objections (Dkt. Nos. 4, 5). After careful review of the Recommended Disposition and Mr. Perry's objections, and after a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law.

In the Recommended Disposition, Judge Deere recommends that this Court dismiss without prejudice Mr. Perry's current petition because Mr. Perry has already sought federal habeas relief in a prior case and did not receive an order from the Eighth Circuit Court of Appeals authorizing this Court to consider his successive habeas petition (Dkt. No. 3, at 3). Congress restricts the filing of second or successive habeas petitions under 28 U.S.C. § 2254. 28 U.S.C. § 2244(b). A "second or successive" habeas petition requires authorization from a federal court of appeals prior to filing. 28 U.S.C. § 2244(b)(3)(A). "'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658

F.3d 842, 853 (8th Cir. 2011) (citing *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001)). "Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining our authorization." *Id.* (citing *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir. 2003)). Mr. Perry's objections and supplemental objections do not persuade this Court that it has jurisdiction over his current petition. His objections are overruled.

The Court dismisses without prejudice Mr. Perry's petition for writ of *habeas corpus* and denies the relief requested (Dkt. No. 2). The Court denies as moot Mr. Perry's motion to proceed *in forma pauperis* (Dkt. No. 1). Finally, the Court declines to issue a certificate of appealability.

It is so ordered this 2nd day of February, 2021.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge